FILED
Clerk
District Court

APR 1 2 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone:   (670) 234-6891
Facsimile:   (670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI,<br><br>Plaintiff,<br><br>-vs-<br><br>GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU":<br><br>Defendants | CIVIL ACTION NO. 07-0016<br><br>**VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT** |

COMES NOW, Plaintiff, by and through his undersigned counsel, and in support of her complaint against the defendants for violations of the Fair Labor's Standards Act to recover unpaid wages, unpaid overtime compensation, liquidated damages, attorneys fees, and costs under the provision of Section 16(b) of the Fair labors standards Act of 1938, as amended (29 USCS § 216(b), hereinafter referred to as the "Act" and to recover such other damages as alleged herein for breach of contract to hereby alleges as follows:

1

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's FLSA claims under Section 216(b) of the Act (23 U.S.C. § 216(b)) and by the provisions of 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1337(a) (Proceedings arising under any act of Congress regulating commerce).

2. The FLSA, at 29 U.S.C. §201 *(et seq.)*, (hereinafter "the Act"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant"), Article V, §502(a)(2).

3. Venue is properly placed in this Court at all relevant time Plaintiff was an employee of Defendant who was doing business in Saipan, in the CNMI.

## PARTIES

4. Plaintiff, Guihua Bai, (hereinafter "Ms. Bai") is a citizen of the People's Republic of China, presently residing on Saipan, Commonwealth of the Northern Mariana Islands and was employed as a non-resident worker by the Defendant as a masseuse.

5. On information and belief, Defendant Gintian Corporation, dba "Light Massage," is a lawful corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, having its principal office and place of business on Saipan and at all times material hereto was the employer of Plaintiff as defined under Section 3(d) of the Act (29 U.S.C. § 203(d)) of the Act.

6. Defendant "Mr. Zhu" is a citizen of the People's Republic of China presently residing on Saipan, Commonwealth of the Northern Mariana Islands. Mr. Zhu's full name is presently unknown to plaintiff and shall be referred to herein as "Zhu." Zhu acts as the general manager and operator of the business of "Light Massage" and on information and belief Zhu, along with Defendant Zhong Li are co-owners of the business.

7. Defendant Zhong Li, hereinafter "Li" or "defendant Li," is the President/Vice-President and Secretary and sole shareholder of Gintian Corporation.

8. Gintian Corporation is the alter ego of defendants Zhu and Zhong Li.

9. Alternatively, on information and belief defendants Zhu and/or Li were acting directly and/or indirectly as the employer of Ms. Bai pursuant to their own interests and in the interest of defendant Gintian Corp.

10. It is expressly alleged herein that defendant Gintian Corporation and Defendants Zhu and Li are jointly and severally liable for the claims raised herein as the true and actual employers of Ms. Bai and for purposes of this complaint, Defendants Gintian Corporation, Zhu and Li shall be jointly referred to herein as "Employer."

11. Employer was the employer of Ms. Bai as defined under 29 U.S.C. §203 of the Fair Labor Standards Act.

12. At all times mentioned herein, Employer was engaged in the business of operating a

massage parlor and was conducting business in commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a).

13. In performing her duties as a masseuse as described herein, Ms. Bai was engaged in commerce in that Employer's businesses involved interstate commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a).

## FACTUAL BACKGROUND

14. During the period from September 2005 through the present, Employer employed Ms. Bai as masseuse in connection with the business known as "Light Massage" which was owned and operated by Employer.

15. In about July of 2005, Ms. Bai contacted an "International Company" in Dalian, China which recruited workers for overseas positions.

16. Ms. Bai paid the recruiter 20,000 RMB (US$2,500) to find a job in Saipan and to prepare the necessary paperwork for her entry into Saipan and air transportation to Saipan.

17. Ms. Bai studied physical therapy and Chinese medicine while in China and the recruiter advised Ms. Bai that they had found a position for her in Saipan.

18. On or about August 15, 2005, Ms. Bai traveled to Saipan where she was met at the airport by defendant Zhu.

19. Shortly after Ms. Bai's arrival on Saipan and before she was allowed to start work for the employer, Defendant Zhu provided Ms. Bai with a document which required her to pay to the Employer $4,000 to be deducted from future wages for the costs of bringing her to Saipan and processing her employment papers. Because of her financial condition and unequal bargaining position, Ms. Bai agreed to the payment and executed the document. Ms. Bai was never provided with a copy of the document, but deductions were immediately taken from her wages.

20. On information and belief, Ms. Bai was hired as a non-resident worker under the terms of an employment contract approved by the CNMI Department of Labor. Ms. Bai was never provided a copy of her employment contract.

21. On information and belief, Ms. Bai was hired as an hourly employee to be paid the minimum hourly wage of $3.05 per hour and guaranteed 40 hours a week of work..

22. The Employer, however, did not pay an hourly wage as required under the law. Instead, Ms. Bai was paid a commission for any massages she performed pursuant to the schedule attached as Exhibit 1.

23. Under the commission schedule, Ms. Bai was to be paid $5.00 for each massage she performed, or $4.00 for a local massage. Pursuant to the schedule, if her commission from the massages totaled less than $500 per month, the Employer would pay her an additional $100 in wages or as a bonus. If the monthly commission was between $501 and $600 per month the employer would pay and additional $150.00 per month in wages or as a bonus. As the commissions increased,

5

so did the bonus as per the schedule.

24. During the entire period of employment, Plaintiff had performed all appropriate terms and conditions of her employment contract and has always been willing to continue to perform under the contract. Plaintiff performed her work and services for Employer diligently and without any complaint from Employer.

25. Except as alleged in Paragraph 26 immediately below, during the entire period of employment and up to the present, Ms Bai was made to work seven days a week from 4:00 PM until 2:00 AM for a total of 10 hours a day or 70 hours per week.

26. Each third week throughout the entire period of employment, Ms. Bai was made to work from 11:00 AM until 2:00 AM for a total of 15 hours a day or 105 hours per week.

27. Throughout the entire period of employment and up to the present, Ms. Bai has not been paid the minimum wages due under the contract and as required by law.

28. Throughout the entire period of employment and up to the present, Ms. Bai has not been paid minimum wages and overtime due under the contract and as required by law.

29. Throughout the entire period of employment and up to the present, Employer has made unlawful deductions from Ms. Bai's wages for her recruitment and hiring as alleged in ¶19 above, and costs of electricity, water, and taxes for wages not actually paid.

## COUNT I: VIOLATION OF THE FLSA

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint as if more fully set forth herein.

31. Employer was the employer of the Plaintiffs as defined under 29 U.S.C. §203 of the Fairly Labor Standards Act.

32. Employer was required to pay the Plaintiffs an amount equal to one and one-half (1-1/2) of the base rate of pay for each hour worked in excess of forty (40) hours per week.

33. Employer failed to maintain and keep or provide adequate records of the hours worked in each workday and each workweek and the basis on which wages were paid.

34. Employer failed to pay minimum wage for actual hours worked for the first forty (40) hours worked in each work week in violation of the Fair Labor Standards Act.

35. Employer failed to pay overtime premiums for each hour worked in excess of forty (40) hours in violation of the Fair Labor Standards Act.

36. Throughout the entire period of employment and up until the present, Ms. Bai should have been paid a total of approximately TWENTY SIX THOUSAND FOUR HUNDRED TWENTY TWO DOLLARS and 64/100 ($26,422.64), exclusive of tax and social security payments.

37. Throughout the entire period of employment and up until the present, Ms. Bai was paid

a total of only approximately FIVE THOUSAND FOUR HUNDRED TWENTY NINE and 60/100 ($5,429.60).

38. Ms. Bai is entitled to judgment for all unpaid wages and overtime hours worked from the inception of her employment with Employer to the time of filing this complaint in the amount of TWENTY THOUSAND NINE NINETY THREE DOLLARS and 04/100 (20,993.04).

39. Ms. Bai is entitled to judgment for all unpaid wages and overtime hours worked after the filing of this complaint which were not paid under the Fair Labor Standards Act in an amount to be proven at trial.

40. Employer's failure to pay minimum wage and overtime pay as was required by law was not in good faith, and was willful, entitling the Plaintiff to an equal amount in liquidated damages.

COUNT II: CONSTRUCTIVE TERMINATION

41. Plaintiff realleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

42. On information and belief Zhu learned of Ms. Bai's decision to file a suit to recover unpaid wages and overtime as well as for the unlawful deductions taken from her pay.

43. On April 6, 2006, Zhu called a meeting of the employees of the Light Massage and advised them that any of the employees then working could voluntarily transfer to a new employer or could be repatriated back to China. Mr. Zhu also warned the employees not to make any trouble for the company.

44. On information and belief that meeting was called and the warning was issued because Zhu had learned of Bai's decisioin to bring suit against the employer.

45. As a result of the meeting, and the veiled threats of Mr. Zhu, Ms. Bai became extremely concerned for her personal safety and left the employer's barracks and decided not to return to work. The employer's actions in failing to pay wages and so advising the employees constituted a constructive termination without cause, and on information and belief in retaliation for Bai's decision to bring on her FLSA claims.

46. On information and belief, at the time of Ms. Bai's constructive termination there were twenty-one (21) work weeks remaining on the contract.

47. Based upon the defendant's schedule and work hours prior to her termination, Ms Bai would have earned FOUR THOUSAND SIX HUNDRED AND TWENTY EIGHT DOLLARS and 40/100 ($4,628.40). Plaintiff is entitled to judgment in an amount of $4,628.40 from the time the contract was constructively terminated until expiration of Plaintiff's contract, plus an equal amount as liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the defendants, jointly and severally as follows:

1. For an award of unpaid wages and overtime compensation accrued as of the filing of this complaint in the amount of TWENTY THOUSAND NINE NINETY THREE DOLLARS and 04/100 (20,993.04);

2. For an award of wages and overtime compensation plaintiff would have earned for the remaining term of the contract, but for her constructive termination in the amount of FOUR THOUSAND SIX HUNDRED AND TWENTY EIGHT DOLLARS and 40/100 ($4,628.40);

3. For judgment in an equal amount as liquidated damages.

4. For an award for all costs and attorneys fees pursuant to 29 U.S.C. §216(b);

6. For such other and further legal and equitable relief as the Court deems just and proper.

Dated this _12_ day of April, 2007

_____
STEPHEN J. NUTTING
Attorney for Plaintiff

## VERIFICATION

I, **GUIHUA BAI**, declare under penalty of perjury that I have read the foregoing verified complaint and that it is true and correct to the best of my recollection and knowledge and this declaration was executed on this __10__ day of April, 2007, at Saipan, Commonwealth of the Northern Mariana Islands.

*Gui Hua Bai*
_____
**GUIHUA BAI**
Plaintiff

## CERTIFICATE OF TRANSLATION

I, _Qian M Lieberman_ hereby certify that I am fluent in English and the Mandarin language and have translated the foregoing complaint from the English language into Mandarin and the Plaintiff has acknowledged that she has understood same.

_____
QIAN M. LIEBERMAN

11

# Massage Payment Schedule

| Commission | Bonus |
|---|---|
| BELOW  $500 | $100 |
| $501-600 | $150 |
| $601-700 | $200 |
| $701-800 | $250 |
| $801-900 | $300 |
| $901-950 | $350 |
| $951-1000 | $400 |
| $1001-1100 | $500 |
| $1101-1200 | $600 |
| $1201-1300 | $700 |
| $1301-1500 | $800 |
| Over$1501 | $1000 |

No payment for fractional part of an hour.



EXHIBIT 1

# 指压保底工资标准(表一)

| 指压提成 | 保底工资数额 |
|---|---|
| 500美元以下 | 100美元 |
| 501－600美元 | 150美元 |
| 601－700美元 | 200美元 |
| 701－800美元 | 250美元 |
| 801－900美元 | 300美元 |
| 901－950美元 | 350美元 |
| 951－1000美元 | 400美元 |
| 1001－1100美元 | 500美元 |
| 1101－1200美元 | 600美元 |
| 1201－1300美元 | 700美元 |
| 1301－1500美元 | 800美元 |
| 1501美元以上 | 1000美元 |

注：只看整数，不看小数（即没有四舍五入法）