Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| GUIHUA BAI | ) | **CIVIL ACTION NO. 07-0016** |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NOTICE OF MOTION AND |
| | ) | MOTION  TO DISMISS AND |
| GINTIAN CORPORATION, dba | ) | FOR PARTIAL SUMMARY |
| LIGHT MASSAGE, ZHONG LI and | ) | JUDGMENT WITH |
| "MR. ZHU" | ) | SUPPORTING MEMORANDUM |
| | ) | |
| Defendant. | ) | Date: June 21, 2007 |
| | ) | |
| _____ | ) | Time: 9:00 a.m. |

**TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

### NOTICE

Please be advised that on June 21, 2007 at 9:00 a.m. or as soon thereafter as

possible, the court will hear the motion of all defendants for dismissal of the FLSA

minimum wage claim and Zhong Li's summary judgment motion.

## MOTION

Defendants hereby moves to dismiss the FLSA minimum wage claim and

Zhong Li also moves for summary judgment on the FLSA retaliation claim. The

basis for this motion is the verified comlaint, memoranda of points and authorities,

and the statement of undisputed facts filed herewith and  all documents of record

in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     ALL DEFENDANTS ARE ENTITLED TO DISMISSAL OF THE
        FLSA MINIMUM WAGE CLAIM VIOLATIONS AS A MATTER OF
        LAW**

**A.     STANDARD FOR A FRCP RULE 12(b)(6) MOTION TO DISMISS**

A motion to dismiss under FRCP Rule 12(b)(6)  tests the legal sufficiency

of the claims asserted in the complaint. *Bureerong v. Uvawas*, 922 F.Supp. 1450,

1462  (C.D.Cal. 1996).   A  Rule 12(b)(6) dismissal is proper only where there is a

"lack of a cognizable legal theory"  *Balistreri v. Pacifica Police Department*, 901

F.2d 696, 699 (9th Cir.1988) or where it appears beyond doubt that the plaintiff

can prove no set of facts in support of the claim that would entitle plaintiff to relief. *Yamaguchi v. Department of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.1997); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In ruling on a Rule 12 (b)(6) motion, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir.1996). However, the court should not accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

**B.    PLAINTIFF CAN NOT STATE A CLAIM FOR VIOLATION OF THE FLSA MINIMUM WAGE PROVISION**

The minimum wage provisions of the Fair Labor Standards Act ("FLSA") are inapplicable in the Commonwealth. *Abellanosa v. L & T International*, CV No. 05-0010, Order Granting Summary Judgment at 3 - 5, (D. N.M.I.  Oct. 12, 2006).

Plaintiff alleges FLSA minimum wage violations and seeks recovery for such alleged violations. Verified  Complaint at ¶¶ 34, 38, 39, and 40. As a mater of

law, she cannot reocver on that claim. *Abellanosa*, *supra*.


## II.    DEFENDANT LI IS ENTITLED TO SUMMARY JUDGMENT ON THE FLSA RETALIATION CLAIM

In ruling on a motion for summary judgment, the court examines the record to determine whether the moving party established  the absence of any genuine issue of material fact as well as show entitlement to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987); *Chung v. World Corporation*, 2005 WL 1459674 at 1 ( D.N.Mar.I. 2005).  If the moving party meets its burden, the non-movant must present probative evidence showing the existence of a genuine issue of material fact. *Id.* On those issues for which it bears the burden of proof, the moving party must make a showing that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986); *Chung ,*  2005 WL 1459674 at 1. If the moving party does not bear the burden of proof at trial, the initial burden of showing that no genuine issue of material fact remains may be discharged by demonstrating the absence of evidence to support the non-moving party's case. *Chung ,*  2005 WL 1459674 at 1.  If the moving party meets its burden, then the responding party must present specific facts showing that a genuine material issue of fact exists. *Id*.  A genuine material issue of fact is

one that affects the outcome of the litigation and requires a trial to resolve the

parties' differing version of the truth.  *S. E. C. v. Seaboard Corporation*, 677 F.2d

1289, 1293 (9th Cir. 1982).  It is insufficient for the responding party to point to

the mere allegations contained in the pleadings. Instead, it must submit an

affidavit or identify other admissible evidence of  specific facts demonstrating the

existence of an actual issue for trial. *Chung,* 2005 WL 1459674 at 1. The evidence

must be more than a mere "scintilla"; the responding party must show that the trier

of fact could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc*., 477

U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Chung,* 2005 WL 1459674

at 1.  Accordingly, summary judgment should be granted when the responding

party's evidence is merely colorable  or is not significantly probative. *Eisenberg v.*

*Insurance Co. of North America,* 815 F.2d 1285, 1288 (9th Cir.1987); *Chung*,

2005 WL 1459674 at 1.

     The elements of a FLSA retaliation claim are 1) plaintiff must have engaged

in statutorily protected conduct, or employer must have erroneously believed that

plaintiff engaged in such conduct, (2) plaintiff must have suffered some adverse

employment action, and (3) causal link must exist between plaintiff's conduct and

employment action. *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F.Supp.2d 1056,

1059 (N.D.Cal. 2002).

Plaintiffs second claim for relief appears to allege a claim for retaliation under the FLSA. Since the complaint is verified it is the equivalent of an affidavit. *Moran v. Selig*, 447 F.3d 748, 759 - 760 (9th Cir. 2006)[Verified complaint may serve as an affidavit for purposes of summary judgment]. Based on plaintiff's knowledge and statements under oath,  Li was not involved in the conduct which she claims serves as the basis for retaliation. Verified  Complaint at ¶¶ 41 - 47. The conduct was allegedly engaged in by Zhu. *Id*.  This entitles Li to summary judgment on the retaliation claim as based on plaintiff's sworn statements, he did not have any involvement in the alleged conduct she complains of.

## CONCLUSION

Dismissal of the claim for FLSA  minimum wage violations is appropriate as a matter of law. Also, plaintiff's verified statements under oath entitle Zhong Li to summary judgment on the FLSA retaliation claim.

Law Office of G. Anthony Long

By_____/s/_____
                G. Anthony Long