STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone: (670) 234-6891
Facsimile: (670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **GUIHUA BAI,**<br><br>Plaintiff,<br><br>-vs-<br><br>**GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU":**<br><br>Defendants | CIVIL ACTION NO. 07-0016<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR VIOLATION OF THE FLSA, BREACH OF CONTRACT AND STATE LAW CLAIMS** |

COMES NOW, Guihua Bai, Plaintiff, by and through her undersigned counsel, and in support of this first amended complaint against the defendants for violations of the Fair Labor's Standards Act, breach of contract of employment and violations of state law, to recover unpaid wages, unpaid overtime compensation, liquidated damages, attorneys fees, and costs under the provision of Section 16(b) of the Fair labors standards Act of 1938, as amended (29 USCS § 216(b), hereinafter referred to as the "Act" and to recover such other damages as alleged herein for breach of contract and violation of the Commonwealth's Minimum Wage and Hour Act, to hereby allege as follows:

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's FLSA claims under Section 216(b) of the Act (23 U.S.C. § 216(b)) and by the provisions of 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1337(a) (Proceedings arising under any act of Congress regulating commerce). The Court has supplemental jurisdiction of Plaintiff's breach of contract claims and claims relative to the violations of the Commonwealth's Minimum Wage and Hour Act pursuant to 28 USC § 1367.

2. The FLSA, at 29 U.S.C. §201 *(et seq.)*, (hereinafter "the Act"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant"), Article V, §502(a)(2).

3. Venue is properly placed in this Court at all relevant time Plaintiff was an employee of Defendants and was providing services for the defendants in Saipan, in the CNMI.

## PARTIES

4. Plaintiff, Guihua Bai, (hereinafter "Ms. Bai") is a citizen of the People's Republic of China, presently residing on Saipan, Commonwealth of the Northern Mariana Islands and was employed as a non-resident worker by the Defendant as a masseuse.

5. On information and belief, Defendant Gintian Corporation, dba "Light Massage," is a lawful corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, having its principal office and place of business on Saipan and at all times material

2

hereto was the employer of Plaintiff as defined under Section 3(d) of the Act (29 U.S.C. § 203(d)) of the Act.

6. Defendant "Mr. Zhu" is a citizen of the People's Republic of China presently residing on Saipan, Commonwealth of the Northern Mariana Islands. Mr. Zhu's full name is presently unknown to plaintiff and shall be referred to herein as "Zhu." Zhu acts as the general manager and operator of the business of "Light Massage" and on information and belief Zhu, along with Defendant Zhong Li are co-owners of the business. On information and belief, Zhu also acts as the agent for Zhong Li in the operation of the business.

7. Defendant Zhong Li, hereinafter "Li" or "defendant Li," is the President/Vice-President and Secretary and sole shareholder of Gintian Corporation.

8. Gintian Corporation is the alter ego of defendants Zhu and Zhong Li.

9. On information and belief defendants Zhu and/or Li were acting directly and/or indirectly as the employer of Ms. Bai pursuant to their own interests and in the interest of defendant Gintian Corp.

10. It is expressly alleged herein that defendant Gintian Corporation and Defendants Zhu and Li are jointly and severally liable for the claims raised herein as the true and actual employers of Ms. Bai and for purposes of this complaint, Defendants Gintian Corporation, Zhu and Li shall be jointly referred to herein as "Employer."

11. Employer was the employer of Ms. Bai as defined under 29 U.S.C. §203 of the Fair Labor Standards Act and during the period from September 1, 2005 through approximately April 6, 2007, Employer employed Ms. Bai as masseuse in connection with the business known as "Light Massage" which was owned and operated by Employer.

12. At all times mentioned herein, Employer was engaged in the business of operating a massage parlor and was conducting business in commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a).

13. In performing her duties as a masseuse as described herein, Ms. Bai was engaged in commerce in that Employer's businesses involved interstate commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a).

## FACTUAL BACKGROUND

14. In about July of 2005, Ms. Bai contacted an "International Company" in Dalian, China which recruited workers for overseas positions.

15. Ms. Bai paid the recruiter 20,000 RMB (US$2,500) to find a job in Saipan and to prepare the necessary paperwork for her entry into Saipan and air transportation to Saipan.

16. Ms. Bai studied physical therapy and Chinese medicine while in China and the recruiter advised Ms. Bai that they had found a position for her in Saipan.

17. On or about August 15, 2005, Ms. Bai traveled to Saipan where she was met at the airport by defendant Zhu.

18. Shortly after Ms. Bai's arrival on Saipan and before she was allowed to start work for the employer, Defendant Zhu provided Ms. Bai with a document which required her to pay to the Employer $4,000 to be deducted from future wages for the costs of bringing her to Saipan and processing her employment papers. Because of her financial condition and unequal bargaining position, Ms. Bai agreed to the payment and executed the document. Ms. Bai was never provided with a copy of the document, but deductions were immediately taken from her wages.

19. On information and belief, Ms. Bai was hired as a non-resident worker under the terms of an employment contract approved by the CNMI Department of Labor pursuant to the Non-Resident Workers Act at 3 CMC § 4434. Ms. Bai was never provided a copy of her employment contract.

20. On information and belief, Ms. Bai was hired as an hourly employee to be paid the minimum hourly wage of $3.05 per hour and guaranteed 40 hours a week of work..

21. The Employer, however, did not pay an hourly wage as required under the terms of the contract and under the CNMI's Minimum Wage and Hour Act at 4 CMC § 9221 et.seq. Instead, Ms. Bai was paid a commission for any massages she performed pursuant to the schedule attached as Exhibit 1.

22. Under the commission schedule, Ms. Bai was to be paid $5.00 for each massage she performed, or $4.00 for a local massage. Pursuant to the schedule, if her commission from the massages totaled less than $500 per month, the Employer would pay her an additional $100 in wages or as a bonus. If the monthly commission was between $501 and $600 per month the employer would pay and additional $150.00 per month in wages or as a bonus. As the commissions increased, so did the bonus as per the schedule.

23. During the entire period of employment, Plaintiff performed all appropriate terms and conditions of her employment contract and has always been willing to continue to perform under the contract. Plaintiff performed her work and services for Employer diligently and without any complaint from Employer.

24. Except as alleged in Paragraph 25 immediately below, during the entire period of employment and up to the present, Ms Bai was made to work seven days a week from 4:00 PM until 2:00 AM for a total of 10 hours a day or 70 hours per week.

25. Each third week throughout the entire period of employment, Ms. Bai was made to work from 11:00 AM until 2:00 AM for a total of 15 hours a day or 105 hours per week.

26. Throughout the entire period of employment and up to the present, Ms. Bai has not been paid the minimum wages due under the contract and as required by law.

27. Throughout the entire period of employment and up to the present, Ms. Bai has not been

6

paid minimum wages and overtime due under the contract and as required by law.

28. Throughout the entire period of employment and up to the present, Employer has made unlawful deductions from Ms. Bai's wages for her recruitment and hiring as alleged in ¶19 above, and costs of electricity, water, and taxes for wages not actually paid.

## COUNT I: FOR UNPAID WAGES AND OVERTIME

29. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint as if more fully set forth herein.

30. Employer was the employer of the Plaintiffs as defined under 29 U.S.C. §203 of the Fairly Labor Standards Act.

31. Employer was required to pay the Plaintiffs an amount equal to one and one-half (1-1/2) of the base rate of pay for each hour worked in excess of forty (40) hours per week.

32. Employer failed to maintain and keep or provide adequate records of the hours worked in each workday and each workweek and the basis on which wages were paid.

33. Employer failed to pay minimum wage for actual hours worked for the first forty (40) hours worked in each work week in violation of the CNMI's Minimum Wage and Hour Act at 4 CMC § 9211 et.seq..

34. Employer failed to pay overtime premiums for each hour worked in excess of forty (40)

hours in violation of the Fair Labor Standards Act.

35. Throughout the entire period of employment and up until the time she left the employ of Emloyer, that is on or about April 6, 2007, Ms. Bai should have been paid a total of approximately TWENTY SIX THOUSAND FOUR HUNDRED TWENTY TWO DOLLARS and 64/100 ($26,422.64), exclusive of tax and social security payments.

36. Throughout the entire period of employment and up until the present, Ms. Bai was paid a total of only approximately FIVE THOUSAND FOUR HUNDRED TWENTY NINE and 60/100 ($5,429.60).

37. Ms. Bai is entitled to judgment for all unpaid wages and overtime hours worked from the inception of her employment with Employer to the time of filing this complaint in the amount of TWENTY THOUSAND NINE NINETY THREE DOLLARS and 04/100 (20,993.04) pursuant to the Commonwealth's Minimum Wage and Hour Act and the Fair Labor Standards Act.

38. Employer's failure to pay minimum wage and overtime pay as was required by law was not in good faith, and was willful, entitling the Plaintiff to an equal amount in liquidated damages.

<u>COUNT II: CONSTRUCTIVE TERMINATION</u>

39. Plaintiff realleges and incorporates paragraphs 1 through 38 as if fully set forth herein.

40. On April 6, 2006, Zhu called a meeting of the employees of the Light Massage and advised them that any of the employees then working could voluntarily transfer to a new employer

or could be repatriated back to China. Mr. Zhu also warned the employees not to make any trouble for the company.

41. On information and belief that meeting was called and the warning was issued because Zhu had learned of Bai's decision to bring suit against the employer for his failure to properly pay wages and overtime as required by law.

42. As a result of the meeting, and the veiled threats of Mr. Zhu, Ms. Bai became extremely concerned for her personal safety and left the Employer's barracks where she was then residing and decided not to return to work.

43. The employer's actions in making unlawful deductions, and forcing the employees to work intolerably long hours without any overtime pay, and in making veiled threats to the employees not to cause trouble for the company, created intolerable and oppressive working conditions such that Bai could no longer continue to work for employer and she was constructively terminated from employment.

44. On information and belief, at the time of Ms. Bai's constructive termination there were twenty-one (21) work weeks remaining on the contract.

45. Based upon the defendant's schedule and work hours prior to her termination, Ms Bai would have earned FOUR THOUSAND SIX HUNDRED AND TWENTY EIGHT DOLLARS and 40/100 ($4,628.40). Plaintiff is entitled to judgment in an amount of $4,628.40 from the time the contract was constructively terminated until expiration of Plaintiff's contract, plus an equal amount as

liquidated damages.

## COUNT III: ADDITIONAL OVERTIME BASED ON REGULAR RATE

46. Plaintiff realleges and incorporates paragraphs 1 through 45 as if fully set forth herein.

47. On information and belief, as a part of her wages, Ms. Bai was to be provided housing from the employer without any other charge therfore.

48. The reasonable value of such housing should be calculated to determine Ms. Bai's "regular rate" upon which the calculation of overtime should be based.

49. Ms. Bai is entitled to such additional sums resulting from calculating the reasonable value of Ms. Bai's housing to determine Ms. Bai's regular rate of pay and using the overtime multiple of 1.5 times the regular rate of pay for all overtime hours worked.

WHEREFORE, Plaintiff prays for judgment against the defendants, jointly and severally as follows:

1. For unpaid wages and overtime compensation accrued as of the date employment ceased in the amount of TWENTY THOUSAND NINE NINETY THREE DOLLARS and 04/100 (20,993.04) for all unpaid wages due under the contract and pursuant to the CNMI's Minimum Wage and Hour Act and for overtime pay under the Fair Labor Standards Act (FLSA) as alleged under Count I;

2. For wages and overtime compensation plaintiff would have earned for the remaining term of the contract, but for her constructive termination in the amount of Four Thousand Six

Hundred and Twenty Eight Dollars and 40/100 ($4,628.40) as alleged under Count II;

3. For unpaid overtime compensation based upon the plaintiff's regular rate of pay which includes the reasonable value of the employer provided housing under Count III in an amount to be proven at trial;

3. For judgment in an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and 4 CMC § 92343;

4. For an award for all costs and attorneys fees pursuant to 29 U.S.C. §216(b) and 8 CMC §9244.

6. For such other and further legal and equitable relief as the Court deems just and proper.

Dated this 29th day of May, 2007

_____
STEPHEN J. NUTTING
Attorney for Plaintiff

11

## VERIFICATION

I, **GUIHUA BAI**, declare under penalty of perjury that I have read the foregoing verified complaint and that it is true and correct to the best of my recollection and knowledge and this declaration was executed on this 29 day of May, 2007, at Saipan, Commonwealth of the Northern Mariana Islands.

*guihua Bai*
_____
**GUIHUA BAI**
Plaintiff

## CERTIFICATE OF TRANSLATION

I, _____ hereby certify that I am fluent in English and the Mandarin language and have translated the foregoing complaint from the English language into Mandarin on this 29 day of May and the Plaintiff has acknowledged that she has understood same.

_____
QIAN M. LIEBERMAN

12