F I L E D
Clerk
District Court

OCT 1 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOANNA ABELLANOSA, *et al.*, ) | Civil No. 05-0010 |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | ORDER GRANTING |
| ) | DEFENDANT'S MOTION |
| L&T INTERNATIONAL CORPO- ) | FOR SUMMARY JUDGMENT |
| RATION, a corporation of the ) | and |
| Commonwealth of the Northern ) | TAKING OCTOBER 23, 2006, |
| Mariana Islands, ) | TRIAL OFF-CALENDAR |
| ) | |
| Defendant ) | |
| _____ ) | |

THIS MATTER came before the court on Thursday, October 5, 2006, for the continued hearing of defendant's motion for summary judgment. Plaintiffs appeared by and through their attorney, Joe Hill. Defendant appeared by and through its attorneys, Colin M. Thompson, who argued, and Steven P. Pixley.

Defendant sought summary judgment on all seven claims for relief in plaintiffs' October 17, 2005, first amended complaint: (1) breach of contract, (2) violation of the federal Fair Labor Standards Act (FLSA), the Commonwealth's Minimum Wage and Hour Act (MWHA), and the Commonwealth's Non-Resident Workers Act (NWA), (3) unlawful termination and bad faith breach of contract, (4) breach of express, implied-in-fact, and implied-in-law covenants of good faith and fair dealing, (5) intentional infliction of emotional distress, (6) fraud and deceit, and (7) declaratory relief regarding payment of return air fare. At the first hearing for summary judgment, the court granted plaintiffs' motion for additional time to obtain affidavits to defeat defendant's motion, pursuant to Fed.R.Civ.P. 56(f).

As an initial matter, the court grants defendant's motion to strike plaintiffs' counsel's September 29, 2006, "Verified/Amended Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment." To the extent the "Verified/Amended Opposition" was offered as testimony or evidence by counsel, the motion is granted pursuant to Fed.R.Evid. 402, 403, and 602.

Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." All that is required from the non-moving party is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 1592 (1968). The court must view the evidence in the light most favorable to the non-moving party; if direct evidence from both parties conflicts, summary judgment must be denied. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986).

Because the court has concluded that plaintiffs have failed to demonstrate the court's jurisdiction, defendant's motion for summary judgment is granted on that issue, only. The court does not address any other grounds for summary judgment, and the remainder of this lawsuit is dismissed without prejudice and plaintiffs may pursue their remedies in the Commonwealth courts.

Plaintiffs predicate jurisdiction on 28 U.S.C. § 1331 ("federal question") for their FLSA claim, 28 U.S.C. § 1332 ("diversity jurisdiction"), and 28 U.S.C. § 1367 ("supplemental jurisdiction") for their Commonwealth and common law claims.

In this instance, the court lacks jurisdiction to hear plaintiffs' FLSA claims. It is the court's understanding that plaintiffs' argument is that because they were allegedly required to pay for their medical exams and health certificates, and because defendant did not reimburse them for these expenses or pay them for the time they spent getting their exams and obtaining their certificates, plaintiffs were effectively

denied payment of the minimum wage, which in turn meant they were effectively denied time-and-a-half payment for any hours worked over forty, if any, in violation of the FLSA.

Under Covenant[1] § 503(c), the federal minimum wage provisions of the FLSA do not apply within or to the Commonwealth, except in the manner and to the extent made applicable to the Commonwealth by Congress. This court has previously held that the FLSA does not provide an independent claim for relief based on excessive or illegal deductions for room and board. *See* <u>Does 1, et al. v. Advance Textile Corp.</u>, Civil No. 99-0002, "Order re: Defendants' Motion to Strike (Jan. 21, 2000) (" The court concludes that the deductions from wages in the form of facilities are part of the minimum wage provisions of the FLSA that do not apply to the CNMI. The CNMI government has been given authority over its own minimum wage laws and has acted on that authority by establishing a minimum wage rate of pay and requirements for payment of wages in the form of facilities. *Any claim that plaintiffs have been deprived of the minimum through illegal or excessive deductions is therefore a local cause of action and such claims are dismissed by this court.*" *Id.* at 8-9. (Emphasis added)). Because the FLSA provides no independent claim for relief for illegal or excessive deductions,

---

[1] *See* "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America," Act of Mar. 24, 1976, Pub. L. No. 94-241, 90 Stat. 263 (codified as amended at 48 U.S.C. § 1681 (1988)) (hereinafter "Covenant").

and because plaintiffs' complaint essentially claims that illegal or excessive deductions were taken, the court lacks federal question jurisdiction over claims that such deductions were taken and that they reduced plaintiffs' regular rate of pay below the rate defendants were legally obligated to pay under Commonwealth law. Such claims are remediable under Commonwealth law.

Plaintiffs also allege that the court has diversity jurisdiction under 28 U.S.C. § 1332. Defendant does not contest that there is complete diversity of citizenship between it and all plaintiffs. However, because this is not a class action, the burden is on plaintiffs to establish a "good faith" expectation of recovery of the minimum jurisdictional amount for *each* of them. McNutt v. General Motors Accept. Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936). If factual questions exist as to the extent of the amount in controversy, the matter can be decided after discovery and during summary judgment, as is the procedural posture here. When multiple plaintiffs sue one defendant, their claims may not be aggregated where, as here, there is not a single, indivisible res. *See e.g.* Troy Bank of Troy, Indiana v. G.A. Whitehead & Co., 222 U.S. 39, 40-41, 32 S.Ct. 9, 10 (1911); Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 417 (1916) (if the claims joined are separate and distinct, each plaintiff's claim must meet the jurisdictional minimum; aggregation is not permitted).

After reviewing the evidence properly brought before the court on this continued motion for summary judgment, it is the court's conclusion that plaintiffs have not met their burden of establishing a "good faith" expectation that each of them will recover an amount in excess of $75,000.00. At oral argument on September 14, 2006, during the first portion of the summary judgment hearing, plaintiffs' counsel stated that the jurisdictional amount would be met by a showing of the cumulative bad faith acts of defendant, which could only implicate plaintiffs' fraud and intentional infliction of emotional distress claims.

The court's determination that the jurisdictional allegations are insufficient has four components. The first is that most of plaintiffs' claims for relief are contract-based, for which punitive damages can be awarded only if the breaching party's act is also an independent, intentional tort. *See* <u>Pangelinan v. Itaman</u>, 4 N.M.I. 114, 119 n.24 (1994) (relying on <u>Restatement (Second) of Contracts</u> § 355 (1981)). Assuming as true for purposes of this motion that *every* plaintiff would have worked 42 hours per week for one year and that *every* plaintiff paid for all her health-related costs (which is not alleged in any individual case to have exceeded $60.00), each plaintiff's damages would equal $6,879.80 ($3.05 per hour x 40 hours per week + two hours of overtime per week ( = $9.15) x 52 weeks, plus $60.00 health care expenses).

Second, the court finds as a matter of law that plaintiffs have not met their burden of showing a genuine issue of material fact concerning their claim of

intentional infliction of emotional distress. As shown below, they could recover no damages for that claim to help them reach, in good faith, the jurisdictional minimum.

In the absence of written law or local customary law to the contrary, the rules of the common law, as expressed in the restatements of law, provide the rules of decision in the courts of the Commonwealth. Title 7 N.Mar.I. Code § 3401. To maintain a claim for intentional infliction of emotional distress, the party must prove four elements: (1) that the act complained of was outrageous, (2) that the conduct was intentional or reckless, (3) that it cause emotional distress, and (4) that the distress be severe. Restatement (Second) of Torts § 46. As discussed in Charfauros v. Board of Elections, 5 N.M.I. 188 (1998), a claim for intentional infliction of emotional distress "is not available to anyone who feels emotionally disturbed by the acts of others. Rather, it is limited to those instances where the act complained of is outrageous, and the emotional distress suffered is severe." Id. As discussed in the Restatement, "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." § 46, cmt. d. Although the affidavits speak of sadness, anger, upset stomachs, inability to sleep, financial concerns, irritability, family tensions, embarrassment, feelings of humiliation, and other maladies and reactions, none of the affidavits, as a matter of law, meets the "outrageousness" and "severity" standard

necessary to sustain a cause of action for intentional infliction of emotional distress.

Third, plaintiffs have not been able to show a genuine issue of material fact as to their claim of fraud. Such claims must be pleaded with particularity. Fed.R.Civ.P. 9(b). A review of the affidavits submitted in opposition to defendant's motion for summary judgment reveals that none of them aver fraud with any particularity. At most, it can be said that the reader is somehow supposed to infer that plaintiffs were subject to some form of fraud by defendant, although the acts constituting the fraud are not set out in the affidavits.

Finally, plaintiffs' claim for a declaratory judgment is and has been moot as defendant has acknowledged from the first its obligation under Commonwealth law to provide return airline tickets to each plaintiff. Indeed, and as undisputed by plaintiffs, "at all relevant times and continuing to the present moment" defendant has stood "ready, willing, and able" to provide return airline tickets, but no plaintiff has asked for repatriation.[2] "Memorandum of Points In Support of Motion for Summary Judgment," at 3 (Aug. 4, 2006). There is no justiciable issue before the court.

In conclusion, plaintiffs have not met their burden of showing in good faith

---

[2] Defendant is obligated under Commonwealth law to repatriate plaintiffs to their home country upon termination of their employment. Failure to do so subjects defendant to penalties.

that their damages, if awarded, would meet the $75,000.00 jurisdictional amount. Thus, the court lacks diversity jurisdiction.

Summary judgment is entered in favor of defendant on the issue of the court's lack of jurisdiction. There being no basis for federal jurisdiction, the court will not entertain the supplemental claims under 28 U.S.C. § 1967.

The trial, presently set to begin on Monday, October 23, 2006, is hereby taken off-calendar.

IT IS SO ORDERED.

DATED this 12th day of October, 2006.

_____
ALEX R. MUNSON
Judge