STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone:        (670) 234-6891
Facsimile:        (670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI, | CIVIL ACTION NO. 07-0016 |
| Plaintiff, | |
| -vs- | OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT |
| GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU": | |
| Defendants | |

COMES NOW, Plaintiff, Guihua Bai, by and through her attorney, Stephen J. Nutting, to oppose defendants' motion to dismiss the plaintiff's First Amended Complaint (FAC) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for partial summary judgment. Defendants seek a dismissal of a FLSA minimum wage claim which does not exist within the complaint; partial summary judgment on claims brought under the Commonwealth's Minimum Wage and Maximum Hours law ("MWMH") and summary judgment for defendant Zhong Li on another non-existent FLSA retaliation claim. Contrary to defendants' assertions, the FAC does not bring on a claim for unpaid minimum wages due under the FLSA. The complaint does, however,

1

state a claim for unpaid minimum wages due under the Commonwealth's MWMH Act, (¶ 33) and for unpaid overtime due under the FLSA (¶34) under Count I. Defendants committed these violations by instituting an ill-conceived and illegal commission scheme, instead of paying an hourly wage as required under the employment contract and by law. (¶¶ 21 and 22).

Similarly, plaintiff's complaint does not state a claim for "FLSA retaliation" under Count II. Instead, a claim is made for constructive termination, to recover the wages and overtime which would have been earned by the plaintiff, but for the defendant's imposition of intolerable and oppressive working conditions which forced the plaintiff to leave the employ of her employer. This Court has federal question jurisdiction over plaintiff's overtime claims brought under the FLSA and supplemental jurisdiction over those claims brought under the MWMH Act and the contract. Moreover, all of plaintiff's claims are sufficiently stated and alleged to place the defendants on notice of those claims and to survive defendants' motions.

I.    NOTICE PLEADING AND RULE 12(b)(6)

On a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the pleader. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir.2002). Working in conjunction with Rule 12(b)(6) is Fed. R. Civ. P. 8(a) which requires a plaintiff's complaint to contain a "short and plain statement" of the claim and the basis for jurisdiction, and subsection (f) of which instructs the courts that "[a]ll pleadings shall be so construed as to do substantial justice." Rule 8(a) thus requires

only a "short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Cler v. Illinois Educ. Ass'n* 423 F.3d 726, 729 -730 (7th Cir. 2005).

In this regard, the Supreme Court has cautioned that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Luckett v. Rent-A-Center, Inc.*, 53 F.3d 871, 873 (7th Cir.1995) ("District judges must heed the message of Rule 8: the pleading stage is not the occasion for technicalities."). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). Thus, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985). "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir.1995).

Plaintiff's complaint is sufficient to put all of the defendants on notice of the substance of the complaint and each of the causes of action raised therein.

3

II. PLAINTIFF MAKES NO CLAIM FOR MINIMUM WAGES DUE UNDER THE FLSA

Under Count I of plaintiff's complaint, plaintiff seeks damages for unpaid wages and overtime due for the hours she worked as an employee of the defendant. Plaintiff makes clear that defendants failed to pay the hourly wages which were due under the employment contract she had with her employer and as required by law, instead choosing to limit plaintiff's pay pursuant to an unlawful commission scheme.(See ¶¶ 19, 20, 21 and 22). As a result of the defendants' payroll scheme, plaintiff alleges in Paragraph 33: "Employer failed to pay minimum wage for actual hours worked for the first forty (40) hours worked in each work week in violation of the CNMI's Minimum Wage and Hour Act at 4 CMC § 9211 et.seq.." No claim is made for minimum wages due under the FLSA anywhere in the complaint. The claim for minimum wages due for the first 40 hours of work is clearly brought under the Commonwealth's MWMH Act and the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. 1367 as a result of the plaintiff's claim for violations of the FLSA.

Plaintiff suggests that the allegations contained in ¶ 37 and in the prayer for Relief at ¶ 1 include a request to recover minimum wage violations under the FLSA (see Motion p.4) relying on the case of *Abellanosa v. L&T International*, CV No. 05-0010, Order Granting Summary Judgment (D.N.M.I. Oct. 12, 2006). The language of ¶¶ 37 and 1, however, do not reflect a claim for minimum wages due under the FLSA. Both of these paragraphs lay claim for "unpaid wages and overtime compensation . . . due under the contract and pursuant to the CNMI's Minimum Wage and Hour Act and for overtime pay under the Fair Labor Standards Act (FLSA)." (FAC ¶ 37 and prayer for relief ¶ 1).

4

The facts and ultimate holding of *Abellanosa* has little or no application to the case at hand. The plaintiffs in *Abellanosa* claimed that the failure of the employer to pay certain expenses related to the renewal of their employment effectively denied the payment of minimum wages due.[1] The *Abellanosa* plaintiffs were unable to show, however, that these illegal or excessive deductions impacted the payment of overtime under the FLSA. As a result, there was no federal question which the Court had jurisdiction to resolve.

In the instant case, however, the plaintiff's complaint is not limited to illegal deductions which affected the payment of minimum wage.[2] Indeed, the true gravaman of plaintiff's complaint involves the illegal commission scheme which not only allowed the employer to avoid the payment of the minimum wage due for the first forty (40) hours, but the payment of overtime which was due for the 30-65 hours of overtime the plaintiff was required to work throughout her employment with defendants. (See ¶¶ 24 and 25). This Court clearly has federal question jurisdiction over plaintiff's FLSA claims for unpaid overtime, and supplemental jurisdiction over her complaint for unpaid straight time wages, all of which occurred as a result of the defendants institution of an unlawful commission scheme for the payment of wages.

---

[1] The plaintiffs in *Abellanosa* claimed that because they were required to pay for their medical exams and health certificates and because the employer did not reimburse them for these expenses or pay them for the time they spent getting their exams and obtaining the certificates, plaintiffs were effectively denied payment of minimum wage.

[2] Plaintiff has a claim for illegal deductions in that the defendants withheld the payment of $4,000 for the costs of bringing her to Saipan for employment under ¶ 18 and for deductions for costs of electricity, water, and taxes for wages not actually paid under ¶ 28. These deductions, especially the $4,000 deduction, not only impacted the payment of minimum wage, but directly resulted in the failed payment of overtime. Moreover, unlike *Abellanosa*, the plaintiff's claims in the instant case are not limited to these unlawful deductions, but include and are more directly related to the unlawful commission scheme the defendants initiated in violation of the Commonwealth's MWMH Act and the FLSA.

5

1    III.  PLAINTIFF MAKES NO CLAIM FOR FLSA RETALIATION

2

3        Defendant Zhong Li seeks summary judgment on a supposed FLSA retaliation claim which

4    does not exist anywhere within the complaint.  Defendants state that "Plaintiffs second claim for

5
     relief appears to allege a claim for retaliation under the FLSA."  Plaintiff, however, makes no claim
6

7    for FLSA retaliation under Count II.  Instead, as the title of the cause clearly states, plaintiff seeks

8    damages for wages and overtime lost as a result of her "constructive termination" from employment

9
     before the end of the contract.   Under Count II of the complaint, plaintiff alleges:
10

11
         The employer's actions in making unlawful deductions, and forcing the employees to
12       work intolerably long hours without any overtime pay, and in making veiled threats to
         the employees not to cause trouble for the company, created intolerable and oppressive
13       working conditions such that Bai could no longer continue to work for employer and she
14       was constructively terminated from employment.

15   FAC ¶ 43.

16

17       Plaintiff does not contend that defendant Zhong Li, or the other defendants retaliated against

18   her for contemplating the instant action or for complaining of the non-payment of overtime. Plaintiff

19
     alleges that the working conditions were oppressive and hostile, such that she felt she could no
20

21   longer continue in her employment.   As a result, plaintiff's contract of employment was

22   constructively terminated and as a further result of that constructive termination, plaintiff seeks to

23
     recover damages for wages and overtime she would have earned over the course of the remaining
24

25   term of her employment contract based upon the hours she worked prior to her constructive

26   termination.

27

28

1      Plaintiff simply has not asserted a cause of action for FLSA retaliation.   Defendant Zhong Li

2   is therefore not entitled to summary judgment on a cause of action which is not plead.

3

4   IV.    THE DEFENDANTS ARE NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT ON
5          THE COMMONWEALTH MWMH ACT CLAIMS

6

7      Defendants claim that they are entitled to partial summary judgment on the claims brought

8   under the Commonwealth's MWMH act claiming that any wages which were unpaid more than six

9   months prior to the filing of the amended complaint[3] are time barred as a result of a six month statute

10

11  of limitations set forth at 4 CMC § 9246. The Defendants motion for partial summary judgment here

12  is not well taken for a number of reasons.  First and foremost, the statute of limitations for claims

13  brought under the MWMH act is actually one year for any willful violation of the Act and not limited

14

15  to six months as the defendants claim.  In the instant action, plaintiff complains that the defendants

16  failed to pay hourly wages due and instead imposed  a wage scale based solely upon a commission

17  for the number of massages performed.  The imposition of the unlawful payment scheme was not

18

19  negligent, and was certainly a knowing and willful violation of the employment contract and of the

20  law.  Obviously the employer, as a signatory to the employment contract, knew of the obligation to

21  pay an hourly wage, and yet willfully chose another method to compensate the plaintiff for her work.

22

23  Obviously, the one year statute of limitations applies and not six months as the defendants suggest.

24  _____

25      [3] Defendant claims that the plaintiff's complaint are time barred if more than six (6) months before the
    filing of the *amended* complaint.  Under Rule (15)(c)(2) of the Federal Rules of Civil Procedure, however, the
26  date of an amended complaint relates back to the filing of the original complaint if "the claim or defense asserted
    in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth
27  in the original pleading," In the instant case identical claims are raised in the FAC as were originally alleged as
    they relate to unpaid wages and overtime.
28

7

Additionally, even if the claims for minimum wage brought under the MWMH act may be subject to a one year statute of limitation under the Act, plaintiff may alternatively seek the payment of wages due under the contract. [4] In the CNMI a claim brought for breach of contract is subject to a six year statute of limitations. (*See* 7 CMC §2505 and *Apatang v. Marianas Public Land Corp.* 1 N.M.I. 140 (1989). Thus, even if the plaintiff's claims for unpaid minimum wage is limited to a period of one year under the MWMH, she may still assert that claim as a breach of her employment contract and would not be subject to the one year restriction. [5] Therefore, Defendants are not entitled to summary judgment limiting the plaintiffs' complaint for unpaid minimum wages for a period of six months immediately preceding the filing of the complaint.

## CONCLUSION

For all the foregoing reasons, defendants motion to dismiss the complaint or for summary judgment and partial summary judgment must be denied.

---

[4] It is not necessary within the complaint to define whether the complaint for the payment of straight time wages arises under the MWMH Act, or under the contract. "Consistently with their obligation to construe plaintiffs' allegations liberally, courts will not dismiss a complaint for failure to state a claim merely because the complaint requests inappropriate relief, or because it miscategorizes legal theories." 2 JAMES WM. MOORE ET.AL., MOORE'S FEDERAL PRACTICE §12.34(1)(b). In fact, Rule 8(a)(2) does not require a claimant to set forth any legal theory justifying the relief sought on the facts alleged. It only requires "sufficient factual averments to show that the claimant may be entitled to some relief. If a claim for relief does set forth a legal theory, any relief finally granted usually is not limited strictly to that theory." 2 JAMES WM. MOORE ET.AL., MOORE'S FEDERAL PRACTICE §8.04(3). The complaint need not specify the correct legal theory, nor point to the right statute to survive a 12(b)(6) motion, provided that "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

[5] Thus, while plaintiff's complaint for damages under the MWMH Act as they relate to unpaid minimum wages might be limited to one year from the filing of the complaint, the claim for actual unpaid minimum wages can still be recovered for breach of contract. The only limitation which might be applicable under the MWMH ould relate to the recovery of liquidated damages for minimum wages that were unpaid more than one year prior to the filing of the original complaint.

Respectfully submitted this ___ day of June, 2007.

Law Office of Stephen J. Nutting

_____/s/_____
STEPHEN J. NUTTING
Attorney for Plaintiff
CNMI Bar No. F0164

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28