FILED
Clerk
District Court

JUL 12 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI,<br><br>Plaintiff,<br><br>vs.<br><br>GINTIAN CORPORATION, et. al,<br><br>Defendants. | Case No. CV-07-0016<br><br>ORDER:<br>1) DENYING DEFENDANTS' MOTION TO DISMISS; and<br>2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

**THIS MATTER** came before the court on July 12, 2007, on defendants' motion to dismiss. Stephen J. Nutting appeared on behalf of the plaintiff; G. Anthony Long appeared on behalf of the defendants.

**THE COURT**, having considered the arguments of the parties, **DENIES** the defendants' motion to dismiss and **GRANTS IN PART AND DENIES IN PART** the defendants' motion for partial summary judgment.

## I. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint should not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*

//

Accordingly, the defendants' motions to dismiss the plaintiff's claim for minimum wage under the Fair Labor Standards Act ("FLSA") and the plaintiff's claim for FLSA retaliation is **DENIED** as moot as the court finds no such claim in the complaint and the plaintiff asserts that she has made no such claim.

## II. MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), the court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . ." *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Once the moving party has met this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The defendants argue that the plaintiff's claim under the MWHA for minimum wages and overtime compensation that accrued more than six months from the date of filing the amended complaint is barred by 4 CMC § 9246. The statute, however, provides for a one year statute of limitations for willful violations. Accordingly, the court **GRANTS** partial summary judgment to the plaintiff's claim under the MWHA for minimum wage and overtime compensation that accrued

//

//

more than one year before the filing of the amended complaint. The court notes, however, that this does not bar the plaintiff's claim for breach of contract or any alternative remedies.

**IT IS SO ORDERED.**

**DATED** this 12 th day of July, 2007.

ALEX R. MUNSON
U.S. District Court Chief Judge