STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone:    (670) 234-6891
Facsimile:     (670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI, | CIVIL ACTION NO. 07-0016 |
| Plaintiff, | |
| -vs- | MOTION TO COMPEL DISCOVERY |
| GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU": | |
| Defendants | |

**MOTION TO COMPEL DISCOVERY**

COMES NOW, Stephen J. Nutting, attorney for the Plaintiff, to move this Court pursuant to Fed. R. Civ. P. 37  to compel defendants to provide complete responses to her First Set of Interrogatories and Request for Production of Documents.  Plaintiff has attempted to confer in good faith to secure the information and documents requested but has not been successful.   All facts pertinent to this Motion to Compel Discovery are set forth in the Declaration of Stephen J. Nutting in Support of Motion to Compel which is attached hereto Exhibit 1 and incorporated herein by this reference as if set forth in full.

# ARGUMENT

Parties seeking discovery are entitled to all information "reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P. 26(b0(1)*. A party answering interrogatories must furnish "such information as is available to the party." *Fed. R. Civ. P. 33(a)*. An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." *Fed. R. Civ. P. 37(a)(3)*. " Rule 34(a) permits a requesting party to ask for documents "which are in the possession, custody or control of the party upon which the request is served." *Fed. R. Civ. P. 34(a)*. Rule 34(b) requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." *Fed. R. Civ. P. 34(b)*. The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." *Fed. R. Civ. P. 34(b)*. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections." *Ruff v. County of Kings*, 2006 WL 1716652 *(citations omitted)*.

Defendants object to both the interrogatories and the request for production of documents "on the ground that electronic service of discovery is not appropriate absent agreement of the parties." Defendants cite no authority for their objection. Rule 5(b)(2)(D) authorizes service by by electronic means as provided by local rule. *Fed. R. Civ. P. 5(b)(2)(D)*. Local Rule 5.1, referring to Appendix A, provides for electronic service in all matters pending in this Court. *Local Rule 5.1*. Appendix A states in pertinent part that "[t]he '*Notice of Electronic Filing*' that is automatically generated by the court's Electronic Filing System.... constitutes service of the filed document on Filing Users." *Appendix A, ¶11*. There is no exception set forth for discovery requests. Further, by signing "*User Agreement for Electronic Case Filing"*, Defendants' counsel agreed to electronic service of discovery requests filed in the court's Electronic Filing System. *Appendix A to Civil Local Rules, See also, Greenly v. Lee,* WL 2008 298822 (E.D. Cal.), *Brinks Home Security v. Caliber Holdings*

*Co., LLC.,* 2007 WL 778419 (D.Ariz.).

Defendants also make specific objections to three Interrogatories and two requests for production. Defendants objections are not well taken. The discovery requests propounded upon Defendants consist of 17 questions and 16 requests for production of documents inquiring into Defendants' business operations and to identify facts, persons with knowledge and documents related to Plaintiff's claims. The information sought is relevant and much of it lies at the core of one aspect of this case: Defendants' failure to properly compensate Plaintiff for work performed under an employment contract, Commonwealth Minimum Wage Act and the Federal Fair Labor Standards Act. Complete and detailed disclosure of it is essential. Plaintiff's need for the information outweighs the burden of its compilation and coherent presentation. Plaintiff is entitled to a Court order for complete, straightforward answers, without objections, to the Interrogatories and production of documents.

Respectfully submitted this ___19th___ day of February, 2008.

Law Office of Stephen J. Nutting:

/s/
STEPHEN J. NUTTING
Attorney for Plaintiff
CNMI Bar No. F0164