STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone:    (670) 234-6891
Facsimile:    (670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI,<br><br>Plaintiff,<br><br>-vs-<br><br>GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU",<br><br>Defendants. | CIVIL ACTION NO. 07-0016<br><br>DECLARATION OF STEPHEN J. NUTTING IN SUPPORT OF MOTION TO COMPEL DISCOVERY |

COMES NOW, Stephen J. Nutting, attorney for the plaintiff, to submit this Declaration in support of plaintiff's motion pursuant to Fed. R. Civ. P. 37 to compel defendants to provide complete responses to plaintiff's First Set of Interrogatories and Request for Production of Documents and to certify pursuant to Fed. R. Civ. P. 37(a) that plaintiff has attempted to confer in good faith to secure the information and documents requested but has not been successful, and under the penalty of perjury, do hereby make the following declaration:

1.   I am the attorney of record for Plaintiff in the above captioned case.

2.   Plaintiff's case involves claims for unpaid wages and overtime compensation due under

1

an employment contract and pursuant to the CNMI's Minimum Wage and Hour Act; for overtime pay under the Fair Labor Standards Act (FLSA); for constructive termination from employment; and for breach of contract.

3.　　Defendants answered the First Amended Complaint electronically on July 30, 2007.

4.　　On November 27, 2007, I spoke directly to the Clerk of the Court's office regarding electronic service to Defendants' counsel of Plaintiff's First Set of Interrogatories and Request for Production of Documents. During this conversation, I informed the Clerk's office that I was aware that the Case Management Scheduling Order stated that no discovery requests should be filed with the Court, but that by e-filing, the Court would be necessary served with such documents.

5.　　The Clerk of the Court advised me to electronically file the discovery documents with the Court so that the documents could be electronically served on Defendants' counsel who is a Filing User pursuant to the Court's Case Management/Electronic Case Filing system and that they would sort out all other pertinent matters related to the Clerk's office handling of Plaintiff's discovery requests.

6.　　On November 27, 2007, pursuant to Fed. R. Civ. P. 33 and 34, I electronically served Defendants with Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff's discovery request contained seventeen (17) interrogatories and sixteen (16) requests for production of documents.

7.　　On December 28, 2007, Defendants served on my office their Objection to

Interrogatories and separately, Defendants' Objection to Production Request in response to Plaintiff's discovery requests. Defendants stated that they objected to both the interrogatories and the requests for production on the basis of Plaintiff's electronic service thereof. Defendants specifically objected to Interrogatory No. 6, No. 7 and No. 14 and Requests for Production Nos. 15 and 16. Defendants stated that responses would be made subject to the objections but have failed to make any such responses.

8. A true, accurate and genuine copy of Defendants Objection to Production Request is attached hereto as Exhibit A.

9. A true, accurate and genuine copy of Defendants' Objection to Interrogatories is attached hereto as Exhibit B.

10. On January 4, 2008, during a status conference in this case, Defendants' counsel stated that due to holiday scheduling conflicts, Defendants' objections were filed in order to meet the deadline for responses to discovery and acknowledged that Defendants' responses were inadequate and stated that proper responses would be forthcoming.

11. Defendants have failed to respond further to Plaintiff's discovery requests.

12. On January 18, 2008, pursuant to Fed. R. Civ. P. 37(a), I sent a letter to Defendants' counsel in a good faith attempt to settle the discovery disputes regarding Defendants' failure to produce documents requested in Plaintiffs request for production of documents and failure to answer the interrogatories previously served. I advised Defendants' counsel that I would be happy to meet

with him to resolve any disputes and advised him that Defendants had until January 25, 2008 to discuss the matter further or to provide complete responses to Plaintiff's request for production and interrogatories. I further advised him that if Defendants failed to respond, I would file a motion to compel discovery. Defendants failed to respond in any manner.

13. A true, accurate and genuine copy of Plaintiff's First Set of Interrogatories and Request for Document Production is attached hereto as Exhibit C and incorporated by this reference herein as if set forth in full.

14. Interrogatory No. 6 requests the names and addresses of all witnesses defendants expect to testify. The interrogatory is proper and necessary to identify persons with knowledge of the relevant information related to Plaintiff's claims and Defendants' affirmative defenses.

15. Interrogatory No. 7 requests the identity of any recruiting agencies, manpower agencies or other agencies used by the defendant to recruit or hire workers. Interrogatory No. 7 is proper and relevant to the discovery of all entities involved in establishing the terms and conditions of employment which formed the basis of the contractual employment relationship between the Defendants and Plaintiff. The information sought is relevant and much of it lies at the core of one aspect of this case: Defendants' failure to properly compensate Plaintiff for work performed under an employment contract, Commonwealth Minimum Wage Act and the Federal Fair Labor Standards Act. Complete and detailed disclosure of it is essential. Plaintiff's need for the information outweighs the burden of its compilation and coherent presentation.

16. Interrogatory No. 14 requests the total value of the assets and amount of liabilities of Defendant Gintian Corporation. Interrogatory No. 14 is proper and relevant to discovery of the legitimacy and viability of Defendant Gnitain Corporation or whether it is the alter ego of Defendants Zhu and Li.

17. Request for Production No. 15 requests production of all bank records, bank statements and cancelled checks written of the accounts held in the name of "Gintian Corporation" and/or "Light Massage" or "Gintian Corporation dba Light Massage" or any iteration thereof for the relevant time period. The information sought is relevant and much of it lies at the core of one aspect of this case: Defendants' failure to properly compensate Plaintiff for overtime work performed under an employment contract, Commonwealth Minimum Wage Act and the Federal Fair Labor Standards Act. Complete and detailed disclosure of it is essential. Plaintiff's need for the information outweighs the burden of its compilation and coherent presentation.

18. Request for Production No. 16 requests production of copies of any contracts, agreements, receipts, invoice or any other documents with any recruiter, recruiting agency, manpower agency, or other agency which you used to hire and recruit foreign labor to work for you. The information sought is relevant and much of it lies at the core of one aspect of this case: Defendants' improper deductions from Plaintiff's compensation resulting in their failure to properly compensate Plaintiff for all work performed under an employment contract, Commonwealth Minimum Wage Act and the Federal Fair Labor Standards Act. Complete and detailed disclosure of it is essential. Plaintiff's need for the information outweighs the burden of its compilation and coherent presentation.

I hereby swear and affirm under penalty of perjury that the foregoing statements are true and correct and that the facts contained herein are made on personal knowledge, and that I am competent to testify as to all matters stated herein.  This declaration is executed on Saipan, on this  19th  day of February, 2008.

                                                  Law Office of Stephen J. Nutting

                                                          /s/
                                                  STEPHEN J. NUTTING
                                                  Attorney for Plaintiff
                                                  CNMI Bar No. F0164