Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI | ) **CIVIL ACTION NO. 07-0016** |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) DEFENDANTS' OBJECTION |
| GINTIAN CORPORATION, dba | ) TO PRODUCTION REQUEST |
| LIGHT MASSAGE, ZHONG LI and | ) |
| "MR. ZHU" | ) |
| Defendant. | ) |
| | ) |
| | ) |

Defendants object to the production request on ground that electronic service of discovery

is not appropriate absent agreement of the parties. The parties did not have any agreement for

electronic service of discovery. Subject to this objection and defendants' reservation of their

rights pursuant to this objection and the specific objection to Request Nos. 15 and 16, defendants

will respond to the request for production.

**REQUEST NO. 15**

Please produce all bank records, bank statements and canceled checks written on the accounts

held in the name of "Gintian Corporation" and/or "Light Massage"or "Gintian Corporation dba

Light Massage" or any iteration thereof for the RELEVANT TIME PERIOD.

EXHIBIT A

**OBJECTION**

Defendants object to Request NO. 15 as it is irrelevant to any issue present in this litigation and it is not calculated to lead to any admissible evidence. It is further objected to on grounds that it is overbroad, immaterial and burdensome since it seeks production of all bank records for Gintian during the relevant time period regardless of whether such record relates to any claim in this litigation.

**REQUEST NO. 16**

Please produce copies of any contracts, agreements, receipts, invoices or any other documents with any recruiter, recruiting agency, manpower agency, or other agency which YOU used to hire and recruit foreign labor to work for YOU.

**OBJECTIONS**

Defendants object to Request No. 16 as it is irrelevant to any issue present in this litigation and it is not calculated to lead to any admissible evidence. It is further objected to on grounds that it is overbroad, immaterial and burdensome since it seeks production of all documents concerning any recruiter, recruiting agency, manpower agency or other agency which Gintian used to hire and recruit foreign employees. It is not limited to such persons used to recruit and employ plaintiff and it is not limited to in temporal scope to any relevant time period.

Law Office of G. Anthony Long

By: G. Anthony Long
G. Anthony Long

Page 2 of 2

Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GUIHUA BAI | ) CIVIL ACTION NO. 07-0016 |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) DEFENDANTS' OBJECTION |
| GINTIAN CORPORATION, dba | ) TO INTERROGATORIES |
| LIGHT MASSAGE, ZHONG LI and | ) |
| "MR. ZHU" | ) |
| Defendant. | ) |
| | ) |
| | ) |

      Defendants object to the interrogatories on ground that electronic service of discovery is

not appropriate absent agreement of the parties. The parties did not have any agreement for

electronic service of discovery. Subject to this objection and defendants' reservation of theri

rights pursuant to this objection and the specific objections to Interrogatories Nos. 6 , 7 and 14,

defendants will respond to the interrogatories.

### INTERROGATORY NO. 6

Please state the names and addresses of all witnesses YOU expect to testify.

EXHIBIT B

**OBJECTION**

This interrogatory is improper. Discovery is limited to persons with relevant knowledge not the identity of trial witnesses. Trial witnesses are properly disclosed at the time required for submission of a party's witness list.

**INTERROGATORY NO. 7**

Please identify any recruiting agencies, manpower agencies or other agencies used by you to recruit or hire workers for YOU.

**OBJECTION**

Defendants object to Interrogatory No. 7 as it is irrelevant to any issue present in this litigation and it is not calculated to lead to any admissible evidence. It is further objected to on grounds that it is overbroad, immaterial and burdensome since it seeks production of all documents concerning any recruiter, recruiting agency, manpower agency or other agency which Gintian used to hire and recruit foreign employees. It is not limited to such persons used to recruit and employ plaintiff and it is not limited to in temporal scope. for Gintian during the relevant time period regardless of whether such record relates to any claim in this litigation.

**INTERROGATORY NO. 14**

As of the end of the first financial quarter for the year **2007 please** identify and state the total value of the assets and the amount of liabilities of Gintian Corporation

Page 2 of 3

**OBJECTION**

Defendants object to this interrogatory as it is irrelevant to any claim or issue before the court in this case. Additionally, it is improper to conduct discovery into a defendant's assets prior to entry of a judgment.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

1

STEPHEN J. NUTTING, ESQ.
2  Law Office of Stephen J. Nutting
Post Office Box 5093
3  Saipan, MP 96950
Telephone:      (670) 234-6891
4  Facsimile:       (670) 234-6893

5  Attorney for Plaintiff

6

7                    IN THE UNITED STATES DISTRICT COURT
FOR THE
8                        NORTHERN MARIANA ISLANDS

9
GUIHUA BAI,                                    CIVIL ACTION NO. 07-0016
10

11              Plaintiff,                      PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST
12                                              FOR PRODUCTION OF DOCUMENTS

13          -vs-

GINTIAN CORPORATION, dba "LIGHT
14  MASSAGE, ZHONG LI and "Mr. ZHU":

15              Defendants

16

17  TO:      GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and "Mr. ZHU, and

18            their attorney of record, G. Anthony Long:

19

20        COMES NOW Plaintiffs, by and through their counsel, to make the following discovery

21
requests of Defendants GINTIAN CORPORATION, dba "LIGHT MASSAGE, ZHONG LI and
22
23  "Mr. ZHU.  Pursuant to the Federal Rules of Civil Procedure, you are requested to answer the

24  following Interrogatory Requests, separately, and in writing and under oath, and return said answers

25  Offices of Stephen J. Nutting, 6th Floor, Marianas Business Plaza, Susupe, Saipan, MP 96950.

26

27

28
                                        1

EXHIBIT C

INSTRUCTIONS AND DEFINITIONS

1.      These DISCOVERY REQUESTS are directed to the defendants named in the above entitled cause both jointly and individually, and any reference to "YOU" or "YOUR" is directed to the named defendants both individually and jointly and any information or documents or materials requested that they may possess.

2.      These DISCOVERY REQUESTS are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement your responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein.

3.      If in responding to these DISCOVERY REQUESTS YOU encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding. If for any reason additional space is necessary in answering any Interrogatory, complete the answers on an additional sheet bearing the same number as the number of the Interrogatory which is being answered.

4.      In responding to these discovery request(s), YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents, and not merely such information known to YOU or YOUR own personal knowledge.

5.      If an interrogatory or document request has sub-parts, respond to each part separately

Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950

2

and in full so that YOUR response is understandable. Do not limit YOUR response to the request as a whole.

6.     Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If the objection is made to a part of an item or category, the part shall be specified.

7.     If YOU, as well as YOUR officers, agents, employees and attorneys discover additional information as to matters inquired of in these interrogatories, between the time answers are made and the date of trial, supplemental answers shall be made informing Defendants and their attorney as to the newly discovered information.

8.     When YOU are asked to state the facts RELATING TO an allegation in the Complaint and/or Answer, describe the relevant facts including the date, time and specific location of each occurrence, and identify, as defined above, each and every persons who is a witness and any related documents.

9.     If any of the Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

10.     Throughout these interrogatories, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or". Whenever the word "each" appears herein, the meaning

1   intended is "each and every".

2   11.   For each response to this request that is withheld under a claim of privilege or work-
3
4   product immunity, provide a statement under oath by a person having knowledge setting forth as
5   to each document or portion withheld:
6
7         (a)   The number and subject of each paragraph of this request that seeks its
              production;
8         (b)   The name and title of the author(s);
          (c)   The name and title of each person to whom the document was addressed;
9         (d)   The name and title of each person to whom a copy of the document was sent;
10        (e)   The date of the document;
          (f)   The number of pages;
11        (g)   A brief description of the nature and subject matter of the document;
12        (h)   The identity of each person to whom the document, its contents, or any portion
              thereof is known or has been disclosed;
13        (i)   The exact location of the original and each copy as of the date of receipt of this
14            request.

15   12.   If the document is withheld on any ground other than privilege, each basis that you
16
17   contend justifies its withholding.

18   13.   For purposes of this instruction, PERSONS shall be identified by giving their title
19   and business address both at the time the document was generated by or made available to them
20
21   and at the present, as well as their name and present home address, to the extent known.

22   14.   When you are asked to IDENTIFY a PERSON, provide all the following
23   information known to you:
24
25        a.   Full name;
          b.   Person's employer currently;
26        c.   Job title currently;
          d.   Current business address; and
27
28   Law Office of Stephen J. Nutting
     Post Office Box 5093
     Saipan, MP 96950                                4

1          e.      Current residential address.

2          15.     When you are asked to IDENTIFY a DOCUMENT, provide all the following

3

4    information known to you:

5          a.      Date it was prepared;
6          b.      Identities of its preparer;
           c.      Identities of its recipients;
7          d.      Current location and custodian; and
8          e.      Description of contents, sufficient for a motion to produce.

9          16.     Identify each document relied upon which forms a basis for any answer given or

10
     which corroborates the answer given or the substance of what is given in answer to these
11

12   interrogatories.

13         17.     When any of these DISCOVERY REQUESTS are answered by such of Defendant's

14
     officers, employees, servants and attorneys as are cognizant of the facts or opinions, then
15

16   IDENTIFY each person who assisted or participated in preparing and/or supplying any of the

17
     information given in answer to or relied upon in preparing answers to these DISCOVERY
18

19   REQUESTS.

20         18.     State whether the information furnished is within the personal knowledge of the

21
     person answering and, if not, the identity, if known, of each person of whom the information is a
22

23   matter of personal knowledge.

24         19.     Where knowledge of information is requested, such request includes the knowledge
25

26   of information of Plaintiff as well as its officers, agents, employees and attorneys. If more than one

27

28   **Law Office of Stephen J. Nutting**
     Post Office Box 5093
     Saipan, MP 96950                                5

1  person is listed in answer to an interrogatory, each subsequent answer must identify which person

2
3  supplied that answer and all persons so listed must sign the answers under oath.

4      20.   If any of the DISCOVERY REQUESTS cannot be answered in full, please answer

5
6  to the extent possible, specifying the reasons for your inability to answer the remainder and stating

7  whatever information or knowledge you have concerning the unanswered portion.

8      21.   The term "DOCUMENT" means, without limitation, the following items, whether

9
10  printed or recorded or reproduced by any other mechanical process, or written or produced by

11  hand, agreements, communications, state and federal governmental hearings and reports,

12  correspondence, telegrams, memoranda, summaries or records of telephone conversations or
13
14  interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps,

15  summaries or reports of consultants, photographs, motion picture, film, brochure, pamphlets,

16  advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any
17
18  documents and all other writings.

19      22.   "YOU" and "YOUR" include the person(s) to whom these requests are addressed,

20
21  and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and

22  insurance companies, and each of them, and all other persons acting or purporting to act on behalf

23  of Plaintiff.
24
25      23.   "PERSON" includes any natural person, firm, association, organization,

26  partnership, business, trust, corporation or public entity.

27
28  **Law Office of Stephen J. Nutting**
    Post Office Box 5093
    Saipan, MP 96950                                    6

24.    "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

25.    "RELATING", "RELATIVE TO" OR "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

26.    "OR" means and/or.

27.    "RELEVANT" is defined under the Commonwealth Rules of Evidence and that definition is incorporated herein. Please note that information can be relevant without necessarily being admissible.

28.    "COMMUNICATION" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone, telegram, voice mail, face-to-face communication, or any other mode or method of transmission regardless of format. Under this definition, "COMMUNICATION" may have been contained, obtained or transmitted in any format, including but not limited to any document as defined herein or any subpart or portion thereof.

29.    Unless otherwise stated, the RELEVANT TIME PERIOD is from July 1, 2005 through approximately April 6, 2007

Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950                                      7

30.    Each of these definitions and instructions is hereby incorporated into each of the Interrogatories and Requests to Produce to which it pertains.

## INTERROGATORIES

**Interrogatory No. 1** Please identify the full name of the defendant identified within the complaint as "Mr. Zhu."

**Interrogatory No. 2** Please identify the names of all employees, managers, supervisors and other personnel working at the business operated by YOU known as the "Light Massage" from September1, 2005 through April 1, 2007 and the dates of their employment and the positions they occupied within the company.

**Interrogatory No. 3.** What was the amount stated for the original capitalization of Gintian Corp and was the stated capitalization actually paid? If so, by whom and in what amounts.

**Interrogatory No. 4.** Please describe the position and general duties the defendants Zhong Li and Mr. Zhu performed for defendant Gintian Corporation and/or the business operated under the name "Light Massage."

**Interrogatory No. 5.** Identify and describe what payroll, time and other employment records YOU maintained for the persons liste in interrogatory No. 2 during the RELEVANT TIME PERIOD.

**Interrogatory No. 6.** Please state the names and addresses of all witnesses YOU expect to testify.

**Interrogatory No. 7.** Please identify any recruiting agencies, manpower agencies or other agencies used by you to recruit or hire workers for YOU.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Interrogatory No. 8.** What is the name and address of each person, firm, corporation or other entity, who assisted or participated in financing the formation of Gintian Corporation and how much did each contribute or invest in the corporation to date.

**Interrogatory No. 9.** Has any officer or director of Gintian Corporation received any salary, fee or other compensation, including any loans or advances from the corporation, if so, how much.

**Interrogatory No. 10.** Has any person who was a holder of the shares of stock in Gintian Corporation ever sold or transferred his shares to any other person, corporation, or entity.

**Interrogatory No. 11.** Since the inception of the corporation has there ever been a meeting of the shareholders or directors of the corporation? If so were formal minutes of such meeting kept and who has the [resent possession of the corporation's minute book.

**Interrogatory No. 12.** Has Gintian Corporation ever paid any dividends to its shareholders? If so, when were dividends paid and in what amounts.

**Interrogatory No. 13.** Has Gintian Corporation maintained financial books and records of account? If so please identify the person responsible for preparing such books and accounts and the person presently in possession of those records.

**Interrogatory No. 14.** As of the end of the first financial quarter for the year 2007 please identify and state the total value of the assets and the amount of liabilities of Gintian Corporation.

**Interrogatory No. 15.** Do Mr. Zhu or Mr. Zhong Li have a personal checking or savings account, held in their names individually or jointly with each other or any third parties.

**Interrogatory No. 16.** Has Mr. Zhu or Mr. Zhong Li ever taken money belonging to

Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950

9

Gintian Corporation and either deposited it in to their own personal checking, saving, or other accounts or taken such sums in cash or by check as an advance, a loan or otherwise? If so please provide the dates and amounts of such transaction.

**Interrogatory No. 17.** Has Mr. Zhu or Mr. Zhong Li ever taken money from their own personal accounts to pay an obligation of Gintian Corporation.

## PRODUCTION OF DOCUMENTS:

**Document Request No. 1.** Please produce a copy of the plaintiffs' employment contracts with YOU for the RELEVANT TIME PERIOD.

**Document Request No. 2.** Please produce all payroll records of plaintiffs' employment with YOU which show the hours worked each workday and each workweek for the period plaintiff was in YOUR employ during the RELEVANT TIME PERIOD.

**Document Request No. 3.** Please produce all documents which reflect the plaintiffs' regular rate of pay, the basis on which wages were computed and paid, and/or the total straight time and overtime earnings which plaintiff was paid each workweek and/or each payroll period during the course of plaintiff's employ and during the RELEVANT TIME PERIOD.

**Document Request No. 4.** Please produce copies of any canceled checks, check ledgers, receipts, and other records which show any payments made to the plaintiff as wages, salary or other compensation paid to the plaintiff during the RELEVANT TIME PERIOD.

**Document Request No. 5.** Please produce any documents time records or other records which were used by YOU in computing the plaintiff's wages, salary or compensation for her employment during the RELEVANT TIME PERIOD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Document Request No. 6.**  Please produce any documents which show any other compensation paid by you to the plaintiff for any employee bonuses and benefits paid to the plaintiff during the course of plaintiff's employment during the RELEVANT TIME PERIOD.

**Document Request No. 7.**  Please produce all documents which show any deductions taken from plaintiff's wages, salary or other compensation during the course of the plaintiffs employment during the RELEVANT TIME PERIOD.

**Document Request No. 8.**  Please produce any business records, documents or other records which show the costs of housing and utilities provided to YOUR employees.

**Document Request No. 9.**  Please produce the Articles of Incorporation and Bylaws for Gintian Corporation.

**Document Request No. 10.**  Please produce copies of minutes of any meetings of the Board of directors, or meetings of the shareholders from January 2005 to the present.

**Document Request No. 11.**  Please produce copies of any stock certificates issued by Gintian Corpororation to the shareholders.

**Document Request No. 12.**  Please produce copies of any records or canceled checks which resulted from the declaration of any dividends issued by Gintian Corporation

**Document Request No. 13.**  Please produce records of deposit, canceled checks, receipts or other documents which evidence payments made for any stock issued by Gintian Corporation by the incorporators or shareholders or to establish the initial capitalization for Gintian Corporation.

**Document Request No. 14.**  Please produce copies of any subscription or shareholder

agreements for Gintian Corporation, since the inception of the Corporation.

**Document Request No. 15.**  Please produce all bank records, bank statements and canceled checks written on the accounts held in the name of "Gintian Corporation" and/or "Light Massage" or "Gintian Corporation dba Light Massage" or any iteration thereof for the RELEVANT TIME PERIOD.

**Document Request No. 16.**  Please produce copies of any contracts, agreements, receipts, invoices or any other documents with any recruiter, recruiting agency, manpower agency, or other agency which YOU used to hire and recruit foreign labor to work for YOU.

Dated this _____ day of November, 2007.


_____
STEPHEN J. NUTTING
Attorney for Plaintiff

Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950                    12